IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC,<br>   Plaintiff,<br><br>     v.<br><br>AISIN SEIKI CO., LTD.,<br>AISIN HOLDINGS OF AMERICA, INC.<br>AISIN TEHCNICAL CENTER OF<br>  AMERICA, INC., AND<br>AISIN WORLD CORPORATION<br>  OF AMERICA,<br>   Defendants. | Civil Action No.<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Intellectual Ventures II LLC ("IV" or "Plaintiff"), brings this action for patent infringement against Defendants Aisin Seiki Co., Ltd., Aisin Holdings of America, Inc., Aisin Technical Center of America, Inc., and Aisin World Corp. of America, ("Aisin" or "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code. IV seeks remedies for Defendants' infringement of IV's U.S. Patent Nos. 7,067,944 ("the '944 Patent"), 7,154,200 ("the '200 Patent"), 7,683,509 ("the '509 Patent"), and 7,928,348 ("the '348 Patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

2. Intellectual Ventures II LLC is a Delaware limited liability company, with a principal place of business at 3150 139th Ave. SE, Bldg. 4, Bellevue, WA 98005.

3. Upon information and belief, Aisin Seiki Co., Ltd. is a corporation organized and existing under the laws of Japan, with its principal place of business at 2-1, Asahimachi, Kariya, Aichi, Japan.

4. Upon information and belief, Aisin Holdings of America, Inc. is an Indiana corporation headquartered at 1665 E 4th Street Road, Seymour, IN 47274.

5. Upon information and belief, Aisin Technical Center of America, Inc. is a Michigan corporation headquartered at 15300 Centennial Drive, Northville, MI 48168.

6. Upon information and belief, Aisin World Corporation is a Michigan corporation headquartered at 15300 Centennial Drive, Northville, MI 48168.

## JURISDICTION AND VENUE

7. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

8. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

9. Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c).

10. This Court has personal jurisdiction over Aisin by virtue of, *inter alia*, (i) maintaining a regular place of business and a continuing presence in this jurisdiction; (ii) committing at least a portion of the infringements alleged herein within this district; and (iii) regularly doing business or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

## THE PATENTS

11. United States Patent No. 7,067,944 is entitled "Motor with encapsulated stator and method of making same," and issued June 27, 2006 to inventors Dennis K. Lieu and Griffith D. Neal. The '944 Patent issued from United States Patent Application No. 11/035,906 filed on

January 14, 2005.  The '944 Patent claims priority to U.S. provisional application serial number 60/172,287 filed on December 17, 1999.  A copy of the '944 Patent is attached hereto as Exhibit 1.

12. United States Patent No. 7,154,200 is entitled "Motor," and issued December 26, 2006 to inventor Griffith D. Neal.  The '200 Patent issued from United States Patent Application No. 11/439,733 filed on May 23, 2006.  The '200 Patent claims priority to U.S. provisional application serial number 60/146,446 filed on July 29, 1999.  A copy of the '200 Patent is attached as Exhibit 2.

13. United States Patent No. 7,683,509 is entitled "Electromagnetic device with open, non-linear heat transfer system," and issued March 23, 2010 to inventor Griffith D. Neal.  The '509 Patent issued from United States Patent Application No. 11/489,914 filed on July 19, 2006.  A copy of the '945 Patent is attached as Exhibit 3.

14. United States Patent No. 7,928,348 is entitled "Electromagnetic device with integrated fluid flow path," and issued April 19, 2011 to inventor Griffith D. Neal.  The '348 Patent issued from United States Patent Application No. 11/489,911 filed on July 19, 2006.  A copy of the '348 Patent is attached as Exhibit 4.

15. IV is the lawful assignee and owner of all right, title and interest in and to the '944 Patent, the '200 Patent, the '509 Patent, and the '348 Patent.

**INFRINGEMENT OF THE PATENTS-IN-SUIT**

16. Aisin has infringed and continues to infringe at least four of IV's patents that cover aspects of electric motors and other products, including, without limitation: the Aisin WPT-190 Water Pump ("Aisin WPT-190 Pump"), the Aisin WPT-191 Water Pump ("Aisin WPT-191 Pump"), the Aisin Water Pump with Toyota part number 161A0-39035 ("Aisin 161A0-39035 Pump"), the Aisin Water Pump with Toyota part number G9040-47040 ("Aisin

G9040-47040 Pump"), the Aisin WQT-001 Water Pump ("Aisin WQT-001 Pump"), the Aisin WQT-002 Water Pump ("Aisin WQT-002 Pump"), the Aisin Coolant Pump with Honda part number 19200-5K0-A01 ("Aisin 19200-5K0-A01 Pump"), and the Aisin Water Pump with Honda part number 061JO-5K1-A00 ("Aisin 061JO-5K1-A00 Pump") (the "Exemplary Aisin Products").

17. IV incorporates by reference in its allegations herein certain claim charts comparing exemplary claims of the Patents-in-Suit to the Exemplary Aisin Products.

18. Specifically, Exhibits 5-36 are exemplary charts comparing claims of the Patents-in-Suit to the Exemplary Aisin Products.

19. As set forth in Exhibits 5 through 36, the Exemplary Aisin Products practice, in whole or in material part, the technology claimed by the Patents-in-Suit.

## COUNT I

### (Aisin's Infringement of the '944 Patent)

20. Paragraphs 1 through 19 are incorporated by reference as if fully restated herein.

21. IV is the assignee and lawful owner of all right, title and interest in and to the '944 Patent.

22. The '944 Patent is valid and enforceable.

23. Aisin has infringed, and is still infringing, the '944 Patent in at least this District by making, using, offering to sell, selling and/or importing Accused Products that infringe at least claims 3, 9, and 11 of the '944 Patent (the "Exemplary '944 Patent Claim") literally or by the doctrine of equivalents.

24. On information and belief, Aisin directly infringes the '944 Patent by designing, manufacturing, and selling the Exemplary Aisin Products.

25. Exhibits 5-16 include charts comparing exemplary claims 3, 9, and 11 of the '944 Patent to the Exemplary Aisin Products. As set forth in these charts, the Exemplary Aisin Products practice, in whole or in material part, the technology claimed by the '944 Patent. Accordingly, the Exemplary Aisin Products infringe at least exemplary claims 3, 9, and 11 of the '944 Patent.

26. IV is entitled to recover damages adequate to compensate for Aisin's infringement.

## COUNT II

### (Aisin's Infringement of the '200 Patent)

27. Paragraphs 1 through 26 are incorporated by reference as if fully restated herein.

28. IV is the assignee and lawful owner of all right, title and interest in and to the '200 Patent.

29. The '200 Patent is valid and enforceable.

30. Aisin has infringed, and is still infringing, the '200 Patent in at least this District by making, using, offering to sell, selling and/or importing Accused Products that infringe at least claims 1, 2, 4, 6, and 7 of the '200 Patent (the "Exemplary '200 Patent Claim") literally or by the doctrine of equivalents.

31. On information and belief, Aisin directly infringes the '200 Patent by designing, manufacturing, and selling the Exemplary Aisin Products.

32. Exhibits 17-24 include charts comparing exemplary claims 1, 2, 4, 6, and 7 of the '200 Patent to the Exemplary Aisin Products. As set forth in these charts, the Exemplary Aisin Products practice, in whole or in material part, the technology claimed by the '200 Patent. Accordingly, the Exemplary Aisin Products infringe at least exemplary claims 1, 2, 4, 6, and 7 of the '200 Patent.

33. IV is entitled to recover damages adequate to compensate for Aisin's infringement.

## COUNT III

### (Aisin's Infringement of the '509 Patent)

34. Paragraphs 1 through 33 are incorporated by reference as if fully restated herein.

35. IV is the assignee and lawful owner of all right, title and interest in and to the '509 Patent.

36. The '509 Patent is valid and enforceable.

37. Aisin has infringed, and is still infringing, the '509 Patent in at least this District by making, using, offering to sell, selling and/or importing Accused Products that infringe at least claims 1, 2, 14, and 15 of the '509 Patent (the "Exemplary '509 Patent Claims") literally or by the doctrine of equivalents.

38. On information and belief, Aisin directly infringes the '509 Patent by designing, manufacturing, and selling the Exemplary Aisin Products.

39. Exhibits 25-32 include charts comparing exemplary claims 1, 2, 14, and 15 of the '509 Patent to the Exemplary Aisin Products. As set forth in these charts, the Exemplary Aisin Products practice, in whole or in material part, the technology claimed by the '509 Patent. Accordingly, the Exemplary Aisin Products infringe at least exemplary claims 1, 2, 14, and 15 of the '509 Patent.

40. IV is entitled to recover damages adequate to compensate for Aisin's infringement.

## COUNT IV

### (Aisin's Infringement of the '348 Patent)

41. Paragraphs 1 through 40 are incorporated by reference as if fully restated herein.

42. IV is the assignee and lawful owner of all right, title and interest in and to the '348 Patent.

43. The '348 Patent is valid and enforceable.

44. Aisin has infringed, and is still infringing, the '348 Patent in at least this District by making, using, offering to sell, selling and/or importing Accused Products that infringe at least claims 24, 25, 26, and 27 of the '348 Patent (the "Exemplary '348 Patent Claim") literally or by the doctrine of equivalents.

45. On information and belief, Aisin directly infringes the '348 Patent by designing, manufacturing, and selling the Exemplary Aisin Products.

46. Exhibits 33-36 include charts comparing exemplary claims 24, 25, 26, and 27 of the '348 Patent to the Exemplary Aisin Products. As set forth in these charts, the Exemplary Aisin Products practice, in whole or in material part, the technology claimed by the '348 Patent. Accordingly, the Exemplary Aisin Products infringe at least exemplary claims 24, 25, 26, and 27 of the '348 Patent.

47. IV is entitled to recover damages adequate to compensate for Aisin's infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a) A judgment that the '944 Patent, the '200 Patent, the '348 Patent and the '509 Patent are valid and enforceable.

c) A judgment that Defendants have infringed one or more claims of the '944 Patent;

d) A judgment that Defendants have infringed one or more claims of the '200 Patent;

e) A judgment that Defendants have infringed one or more claims of the '509 Patent;

f) A judgment that Defendants have infringed one or more claims of the '348 Patent; and

g) A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre or post judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendants' infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendants that it incurs in prosecuting this action;

ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated: March 20, 2017                                      Respectfully submitted,

Of Counsel:                                                FARNAN LLP

James M. Wodarski                                          /s/ Brian E. Farnan
Michael T. Renaud                                          Brian Farnan (Bar No. 4089)
Brad M. Scheller                                           Michael J. Farnan (Bar No. 5165)
Andrew H. DeVoogd                                          919 North Market Street, 12th Floor
Nicholas W. Armington                                      Wilmington, DE 19801
Serge Subach                                               Phone: 302-777-0300
MINTZ LEVIN COHN FERRIS                                    Fax: 302-777-0301

| | |
|---|---|
|   GLOVSKY AND POPEO, P.C.<br>Boston, MA 02111<br>Tel: 617-542-6000<br>Fax: 617-542-2241 | bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |
| Aarti Shah<br>MINTZ LEVIN COHN FERRIS<br>  GLOVSKY AND POPEO, P.C.<br>701 Pennsylvania Avenue NW<br>Suite 900<br>Washington, DC 20004<br>Tel: 202-434-7300<br>Fax: 202-434-7400 | *Attorneys for INTELLECTUAL VENTURES II LLC* |